# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| Angela Freeman<br>    Plaintiff | * | Docket Number _____ |
| Vs. No. | * | Section _____ |
| Resurgent Capital Services, L.P.<br>    Defendant | * | Magistrate _____ |

## COMPLAINT

This is an action for actual damages, statutory damages, attorney's fees and costs, brought by Plaintiff Angela Freeman, an individual consumer, against defendant Resurgent Capital Services, L.P. for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION AND VENUE

1.

Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

2.

Declaratory relief is available pursuant to 28 U.SC. § 2201 and 2202.

3.

Venue in this District is proper in that defendant transacts business here and the conduct complained of occurred within the Western District of Louisiana.

## PARTIES

4.

Plaintiff, Angela Freeman, is a natural person residing in Iberia Parish, State of Louisiana and is a consumer as defined by 15 U.S.C. 1692(a)(3).

5.

Resurgent Capital Services, L.P. is a partnership established under the laws of the State of South Carolina, with its principal domicile in the State of Delaware, but authorized to and doing business in the State of Louisiana.

6.

Resurgent Capital Services, L.P. is a debt collector as defined by 15 U.S.C. § 1692(a)(6).

## FACTUAL ALLEGATIONS

7.

On or about March 5, 2009, plaintiff Angela Freeman settled a consumer debt allegedly owed to GE Money, account ending in 6892, with the law firm of Couch, Stillman, Blitt, & Conville for the amount of $1,420.00. The alleged indebtedness is a consumer debt as defined by 15 U.S.C. § 1692a(6).

8.

The above settlement was valid and enforceable under Louisiana law and any remaining balance on said account was legally remitted.

9.

On or about July 14, 2009, defendant Resurgent Capital Services, L.P., sent a letter to plaintiff Angela Freeman demanding payment on the account with GE Money, account ending in 6892.

10.

Defendant's July 14, 2009 letter asserted the balance owed on the account was $330.67 and offered to settle the account for $165.00.

11.

On August 14, 2009, defendant was informed that the GE Money account, account number ending in 6892, was settled as discussed above.

12.

Upon information and belief, defendant continued its collection efforts after it was informed that the account at issue was settled on March 5, 2009 and did not inform the appropriate parties the account was disputed.

## CLAIM FOR RELIEF

### Fair Debt Collection Practices Act ("FDCPA")

13.

Plaintiff repeats, realleges, and incorporates by reference the allegations contained in Paragraphs 1 through 12, as copies here *in extenso*.

14.

Plaintiff avers that, in the course and scope of its communications, violated the FDCPA. Defendant's violations include, but are not limited to the following:

a) Defendant violated 15 U.S.C. § 1692e(2) by misrepresenting the character, amount, and legal status of the alleged indebtedness at issue.

b) Upon information and belief, the letter dated August 14, 2009 from defendant was the first communication from defendant. In the event this fact is established, defendant violated 15 U.S.C. § 1692g as the letter at issue fails to include the 30-day validation notice as required by law nor did

   defendant send such notice within 5 days of that communication.

c)  Upon information and belief, defendant continued its collection efforts after being notified the indebtedness as issue was settled and no longer legally owed.

d)  All other facts proven at the trial of this matter.

15.

The actions of defendant were intentional with the purpose of coercing plaintiff to pay a debt that was not legally owed.

16.

As a result of the abovem plaintiff suffered actual damages, such as stress, anxiety, and emotional distress, from which she should be compensated in an amount proven at trial.

17.

As a result of the above violations of the FDCPA, the defendants are liable unto plaintiff for actual damages, statutory damages, attorney's fees and costs.

**WHEREFORE,** plaintiff Angela Freeman respectfully prays that judgment be entered against the defendant Resurgent Capital, L.P. as follows:

a) Declaratory judgment that defendant's conduct violated the FDCPA;

b) Actual dmages;

c) Statutory damages pursuant to 15 U.S.C. § 1692k;

d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

e) All other legal and equitable relief the court deems necessary and proper.

Respectfully submitted:

**THE LOUQUE LAW FIRM, L.L.C.**

Robert M. Louque, Jr.
206 West Seventh Street
P.O. Box 1518
Thibodaux, Louisiana 70302
Telephone: (985) 448-3133
Facsimile: (985) 448-3134
Email: robert@louquelaw.com
Attorney for Plaintiff Angela Freeman